UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

RICHARD HOLMAN #N06132

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

WARDEN L. JACKSON; ACTING WARDEN MINI NURSE; ASSISTANT WARDEN JOINER; CHIEF ENGINEER D. KENNEDY; WATER SUPPLY OPERATOR (NAME UNKNOWN); COUNSELOR D. HEDRICK; AND GRIEVANCE OFFICER A. LESLIE

Case No: _____
(To be supplied by the Clerk of this Court)

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

✓     **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____     **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____     **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.  **Plaintiff(s):**

  A.  Name: RICHARD HOLMAN

  B.  List all aliases: NONE

  C.  Prisoner identification number: N06132

  D.  Place of present confinement: DIXON CORRECTIONAL CENTER

  E.  Address: 2600 N. BRINTON AVENUE, DIXON ILLINOIS 61021

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.  **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

  A.  Defendant: L. JACKSON

   Title: WARDEN

   Place of Employment: PONTIAC CORRECTIONAL CENTER

  B.  Defendant: MINI NURSE

   Title: ACTING WARDEN

   Place of Employment: PONTIAC CORRECTIONAL CENTER

  C.  Defendant: JOINER

   Title: ASSISTANT WARDEN

   Place of Employment: PONTIAC CORRECTIONAL CENTER

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

D. Defendant: D. KENNEDY

Title: CHIEF ENGINEER

Place of Employment: PONTIAC CORRECTIONAL CENTER

E. Defendant: NAME UNKNOWN

Title: WATER SUPPLY OPERATOR

Place of Employment: PONTIAC CORRECTIONAL CENTER

F. Defendant: A. LESLIE

Title: GRIEVANCE OFFICER

Place of Employment: PONTIAC CORRECTIONAL CENTER

G. Defendant: D. HEDRICK

Title: COUNSELOR

Place of Employment: PONTIAC CORRECTIONAL CENTER

H. Defendant: RYAN A. KILDUFF

Title: ADMINISTRATIVE REVIEW BOARD MEMBER

Place of Employment: SPRINGFIELD/IDOC

I. Defendant: _____

Title: _____

Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2-B                                                                 Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

1:25-cv-01019-CSB # 1 Filed: 01/17/25 Page 4 of 11

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: DELIBERATELY INDIFFERENT 1:18-CV-013 23-JES

B. Approximate date of filing lawsuit: _____

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: RICHARD HOLMAN

D. List all defendants: L. JACKSON, MINI NURSE, JOINER, D. KENNEDY, A. LESLIE, D. HEDRICK, AND WATER SUPPLY OPERATOR

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILL.

F. Name of judge to whom case was assigned: JAMES E SHADID

G. Basic claim made: DELIBERATELY INDIFFERENT

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): JURY TRIAL/SUMMARY JUDGMENT

I. Approximate date of disposition: JULY 7, 2023

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3                                                                Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Plaintiff, Richard Holman brings this civil action against certain employees of the Illinois Department of Corrections (IDOC), specifically at Pontiac Correctional Center where plaintiff was formerly incarcerated. The defendants former Warden, L. Jackson; Acting Warden, Mini Nurse; Assistant Warden, Joiner; Chief Engineer, D. Kennedy; Water Supply Operator, (name unknown); Grievance Officer, A. Leslie; and Counselor, D. Hedreck were deliberately indifferent to plaintiff's serious medical needs and unnecessary pain and suffering in violation of plaintiff's Eighth and Fourteenth Amendment right to be free from cruel and unusual punishment.

1. In September of 2022, plaintiff was in protected custody (PC) at Pontiac Correctional Center, in cell #203. One day plaintiff was washing his clothes when he notice a black contaminated substance coming out of the sinks water spout onto his clothes. This contaminated water supplied at Pontiac was/is used for the cooking of all foods prepared by the dietary/kitchen and is the same water plaintiff was force to drink on a daily basis which sometimes gave him stomach aches and skin rashes/irritation after showering.

2. On or about September 20, 2022, plaintiff started expereincing nausea, dizziness, and feeling weak, so when the nurse came around that morning passing out the meds, plaintiff tried to explain to her how he was feeling and told her that he needed to see a doctor, the nurse only response was for plaintiff to put in for sick-call. Over the next several days plaintiff's condition got worse.

3. On September 22, 2022, plaintiff went to the University of Illinois Medical Center (UIC) for unrelated matters. Once there, during his examination plaintiff became very ill, he felt weak, dizzy, nausea and started vomiting. Plaintiff's blood glucose was tested which revealed an elevated blood glucose of 600s and anion gap acidosis. Upon further testing it was found that plaintiff had Legionnaires disease (a lobar pneumonia cause by a bacterium) which was the cause of plaintiff having a elevated blood glucose of 600 plus. Plaintiff also started having kidney and respiration failure.

4. On September 23, 2022, at 12:40 AM, plaintiff was admitted to the Medical Intensive Care Unit at UIC for Legionnaires disease and DKA management. Several days later defendant Warden, L. Jackson sent a undated letter to the offenders population stating: Two men at Pontiac Correction Center are being treated for Legionnaires disease at an outside hospital. The facility is beginning a water quality testing program through an outside laboratory so we can monitor water quality data on an ongoing basis, Legionnaires disease is not passed from person to person, illnesses are most commonly associated with buildings

4

THAT HAVE COMPLEX WATER SYSTEMS LIKE CORRECTIONAL FACILITIES.

5. ON SEPTEMBER 25, 2022, PLAINTIFF'S DKA WAS RESOLVED AND AFTER APPROXIMATELY ONE AND HALF WEEKS AT UIC'S MEDICAL INTENSIVE CARE UNIT, PLAINTIFF CONTINUED TO HAVE RESPIRATION PROBLEMS AND KIDNEY COMPLICATIONS FROM SUFFERING WITH LEGIONNAIRES DISEASE.

6. ON OCTOBER 3, 2022, A MEMORANDUM WAS SENT TO ALL INDIVIDUALS IN CUSTODY FROM DEFENDANTS ACTING WARDEN, MINI NURSE AND ASSISTANT WARDEN JOINER STATING: IT HAS COME TO OUR ATTENTION THAT ONE INDIVIDUAL IN CUSTODY (RICHARD HOLMAN) AT AN OUTSIDE HOSPITAL HAS TESTED POSITIVE FOR LEGIONELLA. IT IS UNKNOWN WHERE THIS INDIVIDUAL CONTRACTED LEGIONELLA. THIS INDIVIDUAL HAS NOT BEEN AT THE FACILITY FOR OVER A WEEK. AFTER NOTIFICATION OF THE POSITIVE TEST, THE FACILITY REMOVED EACH WATER SOURCE FROM USE IN AREAS THIS INDIVIDUAL WOULD HAVE HAD CONTACT, SEE EXHIBIT-A.

7. PLAINTIFF STAYED IN UIC'S-MEDICAL INTENSIVE CARE UNIT FOR 28 DAYS, WHERE DURING THAT TIME PERIOD PLAINTIFF'S HEALTH AGGRESSIVELY DETERIORATED ON A DAY TO DAY BASIS. PLAINTIFF'S FACE AND BODY BLEW-UP AND HE STILL HAD RESPIRATION AND KIDNEY PROBLEMS WHEN HE WAS TRANSFERRED BACK TO PONTIAC CORRECTIONAL CENTER, ON OCTOBER 10, 2022 WHERE PLAINTIFF WAS UNDER CAREFUL WATCH UNTIL OCTOBER 23, 2022, AND REMAINED UP UNTIL NOVEMBER 2022, SEE EXHIBIT-B.

8. ON DECEMBER 1, 2022, PLAINTIFF FILED A GRIEVANCE WITH HIS COUNSELOR, D. HEDRICK STATING THAT THE EAST CELLHOUSE PROTECTIVE CUSTODY UNIT (PC) AT PONTIAC WAS CONDEMNED AND THE WATER WAS UNSAFE FOR CONSUMPTION, AND THAT SOMETIMES IT GAVE HIM STOMACH ACHES AND SKIN IRRITATIONS. PLAINTIFF ALSO COMPLAINED ABOUT A BLACK SUBSTANCE COMING OUT OF HIS SINKS SPOUT WHERE HE CONTRACTED THE LEGIONNAIRES DISEASE IN CELL #203, OR IN 2 GALLERIES SHOWER WHICH WAS ACKNOWLEDGED BY WARDEN L. JACKSON; ACTING WARDEN MINI NURSE; AND ASSISTANT WARDEN JOINER IN THEIR MEMORANDUM. FOR HIS RELIEF, PLAINTIFF ASKED TO BE TRANSFERRED TO ANOTHER FACILITY THAT WAS NOT CONDEMNED, DO NOT HAVE CONTAMINATED WATER AND THAT SUITS HIS DISABILITIES.

9. COUNSELOR, D. HEDRICK'S RESPONSE WAS THAT HE CONTACTED CHIEF ENGINEER KENNEDY WHO TOLD HIM THAT HE DOESN'T RECALL EVER SEEING IN THE EAST CELLHOUSE OR ANYWHERE HAVING A BLACK SUBSTANCE COMING OUT OF IT, AND THAT THE WATER WAS TESTED BY THE ILLINOIS SUSTAINABLE TECHNOLOGY CENTER, AND SEVERAL OTHER AGENCIES WERE CONTRACTED TO TEST THE FACILITY WATER FOR LEGIONELLA QUARTERLY WITH THE LATEST TEST RESULTS COMING BACK NEGATIVE FROM SAMPLES COLLECTED ON NOVEMBER 18, 2022. D. KENNEDY FURTHER STATES THAT THERE WAS NO BACTERIA CONTAMINATION FOUND, NO LEAD, NO COPPER, AND THERE WAS NO LEGIONELLA BACTERIA PRESENT, SPECIFICALLY FOR EAST CELLHOUSE CELL #203 OR THE 2-GALLERY SHOWER AND THAT THE WATER WAS SAFE TO DRINK.

10. PLAINTIFF APPEALED HIS GRIEVANCE TO THE GRIEVANCE OFFICER, A. LESLIE, WHO RESPONDED TO PLAINTIFF GRIEVANCE ON JANUARY 5, 2023. HER RECOMMENDATION WAS THAT BASED ON A REVIEW OF ALL AVAILABLE INFORMATION PLAINTIFF'S GRIEVANCE IS MOOT, AND THAT PLAINTIFF REQUEST FOR A TRANSFER WAS STOPPED PER MEDICAL.

11. PLAINTIFF APPEALED HIS GRIEVANCE ON JANUARY 17, 2023 TO THE ADMINISTRATIVE REVIEW BOARD, WHERE ON FEBRUARY 3, 2023, RYAN A. KILDUFF RESPONSE WAS THAT THIS ISSUE WILL NOT BE ADDRESSED FURTHER. THIS IS THE LAST STEP IN EXHAUSTION, SEE EXHIBIT-C.

5

12. On each level of exhaustion of administrative remedies, each defendant, D. Hedrick, A. Leslie, Mini Nurse, and Ryan Kilduff all agreed and/or concurred with D. Kennedy's statements instead of investigating Plaintiff's claims of the inadequate/contaminate water that he contracted Legionnaires disease from. D. Kennedy stated that he doesn't ever recall seeing a black substance coming out of the water in the East Cellhouse or anywhere in Pontiac, and was tested on two occasions for Legionella bacteria, specifically for East Cell House #Cell 2$^{03}$ or the Z gallery shower, with the latest test result coming back negative from samples collected on November 18, 2022, several months after Plaintiff contracted the Legionnaires disease. Defendant D. Kennedy never seeing a black substance anywhere in Pontiac is because he rarely came into a cellhouse let-alone a cell. Despite knowing that Plaintiff had contracted the Legionnaises disease and having knowledge of the inadequate and/or contaminated water supply, defendants D. Hedrick, A. Leslie, Ryan Kilduff, Mini Nurse, and specifically D. Kennedy failed to correct the problems.

13. Defendants Acting Warden Mini Nurse and Assistant Warden Joiner in their memoradum dated October 3, 2022, they stated that one individual in custody (Plaintiff) at an outside hospital has tested positive for Legionella. It is unknown where this individual contracted Legionella, this individual has not been at the facility for over a week. It is clear that they are insinuating that this individual (Plaintiff) contracted the Legionnaires disease at the hospital or somewhere else other then Pontiac Correctional Center where Plaintiff was in protective custody (PC) 24/7, and only left the cell to shower or if he was escorted to the health care unit. So the only place Plaintiff could have contracted the Legionnaires disease is Pontiac Correctional Center. Legionella bacteria travel from contaminated water and into a person's lungs in two ways: either breathing in droplets during a shower, or from aspiration while attemting to swallow water and it goes down the wrong pipe.

14. Pontiac's administration/IDOC will never admit to any wrongdoing no matter what type of evidence that is produced against them, it seem that the defendants are more concern with covering up the fact that Plaintiff contracted the Legionnaires disease from drinking the water in his cell #203, or in Z galleries shower. Plaintiff stayed in UIC's medical intensive care unit for 28 days, and approxiately 2 months in Pontiac's infirmary suffering in extreme pain. The defendants acted deliberately indifferent to Pontiac Correctional Centers prison condition and the inadequate/contaminated water supply that was hazardous to Plaintiff's health.

15. Defendants Acting Warden Mini Nurse and Assistant Warden Joiner of Pontiac Correctional Center, this action is being brought against them in their individual and official capacities because they knew or should have known that Pontiac's water supply was inadequate and/or contaminated through Plaintiff and the hundreds of inmates who continuously complained to the administration/IDOC. Defendants Mini Nurse and Joiner knew that various cellhouses, cells, and showers at Pontiac have been inadequate and hazardous. One specific contaminant in Pontiac's water supply is the Legionella bacteria which Plaintiff contracted the Legionnaires disease from either by ingesting water or breathing in droplets while showering. Plaintiff suffered with weakness, dizziness, nausea, vomiting, respiration problems, kidney failure, and his body swelled up which caused Plaintiff to end up in UIC-intensive care unit for 28 days and approxiately 2 months in Pontiacs infirmary unit. Defendants Acting Warden Mini Nurse and Assistant Warden Joiner acted deliberately indifferent to the Pontiac prison conditions after having knowledge of the water supply being inadequate and/or contaminated that was hazardous to Plaintiff's health which has violated Plaintiff's Eighth and Fourteenth Amendment protected right to be free from cruel and unusual punishment.

16. Defendant former Warden L. Jackson of Pontiac Correctional Center. This action is being brought against Defendant Jackson in his individual and official capacities because he knew or should have that Pontiac's water supply was inadequate and/or contaminated through plaintiff and the hundreds of inmate who continuously complained to the administration/IDOC. Defendant Jackson knew that various cell houses, cells, and showers at Pontiac have been inadequate and hazardous. One specific contaminant in Pontiac's water supply is the Legionella bacteria which plaintiff contract the Legionnaires disease from either by ingesting water or breathing in droplets in the shower. Plaintiff suffered from weakness, dizziness, nausea, vomiting, pain, respiration problems kidney failure and his face and body swelled up which caused plaintiff to end up in UIC-Medical Intensive Care Unit for 28 days and approximately 2 months in Pontiac's infirmary unit. Defendant former Warden L. Jackson acted deliberately indifferent to the Pontiac prison condisons after having knowledge of the water supply being inadequate and/or contaminated that was hazardous to plaintiffs health and has violated his Eighth and Fourteenth Amendment protected right to be free from cruel and unusual punishment.

17. Defendant D. Kennedy was the chief engineer of Pontiac Correctional Center while plaintiff was in custody there. This action is being brought against Defendant Kennedy in his individual and official capacities because he was responsible for the overall institutional and housing unit maintenance and sanitation. Therefore, Defendant Kennedy knew or should have known of the inadequate and/or contaminated water at Pontiac that caused plaintiff fall serious ill from the Legionnaires disease that landed plaintiff in UIC-Medical Intensive Care Unit for 28 days and Pontiac's infirmary for approximately 2 months. Defendant D. Kennedy as the then chief engineer at Pontiac Correctional Center acted deliberately indiferent to the Pontiac prison condition after having knowledge of the water supply being inadequate and/or contaminated that was hazardous to plaintiffs health and has violated his Eighth and Fourteenth Amendment protected right to be free from cruel and unusual punishment.

18. Defendant John Doe was the water supply operator while plaintiff was in custody there. This action is being brought agains Defendant John Doe in his individual and official capacities because he was responsible for the overall protection of Pontiac's water supply, as well as the maintenance and sanitation of the water supply. Defendant John Doe knew or should have known of the inadequate and/or contaminated water supply at Pontiac that cause plaintiff to fall seriously ill from the Legionnaires disease. Defendant John Doe knew of this ongoing problem because prior to plaintiff contracting the Legionnaires disease in 2020, two other Pontiac prisoner contracted Legionnaires disease from the contaminated water. Defendant John Doe as the then water supply operator at Pontiac Correctional Center acted deliberately indifferent to Pontiac's water supply after having knowledge that two other prisoner contracted Legionnaires disease before plaintiff. Defendant violated plaintiff's Eighth and Fourteenth Amendment protected right to be free from cruel and unusual punishment.

19. Defendant D. Hedrick was plaintiff's counselor while he was in protective custody (PC) at Pontiac Correction Center. This action is being brought against Defendant Hedrick in his individual and official capacities, because on December 1, 2022, plaintiff filed a grievance with Defendant Hedrick regarding him contracting Legionnaires disease and a black subtenance in the water. On December 13, 2022, Defendant Hedrick's response to plaintiff's grievance was per D. Kennedy, he doesn't recall ever seeing the water in Pontiac having a black subtenance coming out of it, and samples collected on November 18, 2022 tested negative for Legionella bacteria. Defendant Hedrick could have investigated further by going to cellhouses and asking other inmates,

7

CIVILIAN EMPLOYEE'S, OFFICERS, NURSES, AND/OR THE WATER SUPPLY OPERATOR. HE HAD A INDEPENDENT DUTY TO VERIFY WHAT DEFENDANT KENNEDY'S RESPONSE SHOULD HAVE BEEN AND NOT JUST RELY ON WHATEVER HE TOLD HIM. DEFENDANT HEDRICK KNEW OR SHOULD KNOWN THAT PLAINTIFF WAS IN INTENSIVE CARE FOR LEGIONNAIRES DISEASE BECAUSE IT'S MENTION IN PLAINTIFF'S GRIEVANCE WHICH DEFENDANTS HEDRICK AND KENNEDY DID NOT RESPOND TO, THEY BOTH ACTED DELIBERATELY INDIFFERENT TO THE PONTIAC'S PRISON CONDITION BY DENYING THAT THE PONTIAC'S WATER SUPPLY IS CONTAMINATED WITH LEGIONELLA, BACTERIA CONTAMINATIONS, LEAD AND COPPER, WHICH VIOLATED PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT PROTECTED RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT, DUE PROCESS AND EQUAL PROTECTION OF LAWS.

20. DEFENDANT A. LESLIE WAS THE GRIEVANCE OFFICER AT PONTIAC CORRECTIONAL CENTER WHO RESPONDED TO PLAINTIFF'S GRIEVANCE DATED DECEMBER 1, 2022. THIS ACTION IS BEING BROUGHT AGAINST DEFENDANT LESLIE IN HER INDIVIDUAL AND OFFICIAL CAPACITIES BECAUSE INSTEAD OF INVESTIGATING PLAINTIFF'S CLAIMS IN HIS GRIEVANCE, DEFENDANT LESLIE JUST REWROTE WHAT DEFENDANT HEDRICK RESPONSE WAS WITHOUT ALSO VERIFYING DEFENDANT KENNEDY'S RESPONSE TO PLAINTIFF'S GRIEVANCE. DEFENDANT A. LESLIES RECOMMENDATION WAS THAT BASED ON A TOTAL REVIEW OF THE AVAILABLE INFORMATION PLAINTIFF'S GRIEVANCE IS MOOT AND NO FURTHER REMEDIES FOR JUSTIFICATION WILL BE CONSIDER AT THIS LEVEL. DEFENDANT LESLIE KNEW OR SHOULD HAVE KNOWN THAT PONTIAC'S WATER SUPPLY WAS INADEQUATE/CONTAMINATED DO TO ALL THE COMPLAINTS/GRIEVANCE SHE REVIEWED OVER THE YEARS AND THROUGHOUT THE INTIRE GRIEVANCE PROCESS NIETHER DEFENDANT ACKNOWLEDGED AND/OR ADDRESSED THE FACT THAT PLAINTIFF ACTUALLY CONTRACTED LEGIONNAIRES DISEASE FROM PONTIAC'S WATER SUPPLY. ON JANUARY 9, 2023 DEFENDANT MINI NURSE CONCURRED WITH DEFENDANTS A. LESLIE'S RECOMMENDATION THAT PLAINTIFF'S GRIEVANCE WAS MOOT. DEFENDANT A. LESLIE ACTED DELIBERATELY INDIFFERENT TO PONTIAC'S PRISON CONDITION THAT WAS HAZARDOUS TO PLAINTIFF HEALTH BY DENYING THAT PONTIAC'S WATER SUPPLY IS CONTAMINATED WITH LEGIONELLA WHICH VIOLATED PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT PROTECTED RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT, DUE PROCESS AND EQUAL PROTECTION OF LAWS.

21. ON FEBRUARY 3, 2023 DEFENDANT RYAN KILDUFF, A MEMBER OF THE ADMINISTRATIVE REVIEW BOARD FAILED TO PROPERLY ADDRESS PLAINTIFF GRIEVANCE AND/OR INVESTIGATE PLAINTIFF'S CLAIMS. AT EACH LEVEL OF THE GRIEVANCE PROCESS EACH DEFENDANT HEDRICK, KENNEDY, LESLIE, MINI NURSE, AND RYAN KILDUFF DELIBERATELY OVER LOOKED THE FACT IN PLAINTIFF'S GRIEVANCE THAT HE CONTRACTED LEGIONNAIRES DISEASE FROM PONTIAC CORRECTIONAL CENTERS INADEQUATE/CONTAMINATED WATER SUPPLY, WHICH WAS NOT ADDRESSED BY NIETHER DEFENDANT IN THEIR RESPONSE TO PLAINTIFF'S GRIEVANCE, INSTEAD THEY TRIED TO JUSTIFY THAT PONTIAC'S WATER SUPPLY HAS NEVER HAD A BLACK SUBTENANCE IN IT, WAS FOUND TO NOT HAVE LEGIONELLA IN IT, NO BACTERIA CONTAMINATION, NO LEAD, AND NO COPPER IN IT WHICH IS NOT TRUE BECAUSE IN 2020 TWO OTHER INMATES AT PONTIAC CORRECTIONAL CENTER CONTRACTED LEGIONNAIRES DISEASE, AND THE FACT STILL REMAINS THAT PLAINTIFF CONTRACTED LEGIONNAIRES DISEASE AND SPENT 28 DAY IN UIC INTENSIVE CARE UNIT AND APPROXIMATELY 2 MONTHS IN PONTIAC'S INFIRMARY. DEFENDANT RYAN KILDUFF HAS THE HIGHEST AUTHORITY WITHIN THE PRISON'S COMPLAINT SYSTEM AND COULD HAVE CORRECTED THIS ONGOING PROBLEM BUT FAILED TO DO SO, DEFENDANT KILDUFF KNEW OR SHOULD HAVE KNOWN THAT PONTIAC'S WATER SUPPLY WAS INADEQUATE/CONTAMINATED THROUGH COMPLAINTS FROM OTHER INMATES. DEFENDANT RYAN KILDUFF ACTED DELIBERATELY INDIFERENT TO THE PONTIAC'S PRISON CONDITION THAT WAS HAZARDOUS TO PLAINTIFF'S HEALTH WHICH VIOLATED PLAINTIFF'S EIGHTH AND FOURTEENTH AMENDMENT PROTECTED RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT, DUE PROCESS AND EQUAL PROTECTION OF LAWS.

22. PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES BY FILING HIS GRIEVANCE THROUGH THE PRISON'S INTERNAL GRIEVANCE PROCEDURE, AS WELL AS THE DEPARTMENT'S GRIEVANCE PROCEDURE.

8

23. PLAINTIFF HAS RIGHTS PROTECTED UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. PLAINTIFF HAS EXERCISED HIS CONSTITUTIONAL PROTECTED RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT, DUE PROCESS AND EQUAL PROTECTION OF LAWS, BY THE FILING OF THIS LAWSUIT.

**V.    Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

A.) COMPENSATORY DAMAGES IN THE AMOUNT OF $50,000, PER EACH DEFENDANT;
B.) PUNITIVE DAMAGES IN THE AMOUNT OF $200,000, PER EACH DEFENDANT;
C.) DAMAGES FOR PHYSICAL AND MENTAL SUFFERING IN THE AMOUNT OF $100,000, PER EACH DEFENDANT;
D.) ALL COURT COSTS, OUT OF POCKET EXPENSES AND ALL ATTORNEY FEES

**VI.** The plaintiff demands that the case be tried by a jury.    ☑ YES    ☐ NO

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _16_ day of _JANUARY_, 20_25_

_[signature]_
(Signature of plaintiff or plaintiffs)

RICHARD HOLMAN
(Print name)

N06132
(I.D. Number)

DIXON CORRECTIONAL CENTER

2600 N BRINTON AVENUE

DIXON, ILLINOIS 61021
(Address)

9

Revised 9/2007

IN THE

<u>UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF
ILLINOIS</u>

<u>RICHARD HOLMAN</u>                                     )

**Plaintiff**                                                       )

        v.                                                          )    Case No._____

<u>WARDEN L. JACKSON et al.</u>                         )

**Defendant**

**PROOF/CERTIFICATE OF SERVICE**

TO: <u>327 COURT STREET</u>            TO: _____

<u>ROCKFORD, ILLINOIS 61101</u>         _____

<u>CLERK OF THE COURT</u>              _____

<u>IN N.W. DIST - ROCKFORD</u>          _____

TO: _____         TO: _____

_____             _____

_____             _____

_____             _____

**PLEASE TAKE NOTICE** that on <u>JAN   16</u>, 20<u>25</u>, I have placed the documents listed below in the institutional mail at <u>DIXON</u> Correctional Center, properly addressed to the parties listed above for mailing though the United States Postal Service: <u>E-FILING: COMPLAINT, MOTION FOR ATTORNEY, EXHIBITS,</u>
<u>MOTION TO PROCEED IN FORMA PAUPERIS.</u>

Pursuant to 28 USC 1746, 18 USC 1621 or 735ilcs 5/1-109, I declare, under the penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: <u>JAN. 16, 2025</u>                          /s/ <u>Richard Holman</u>

NAME <u>RICHARD HOLMAN</u>

IDOC# <u>N06132</u>