# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Richard Holman, | ) |
| Plaintiff, | ) |
| | ) Case No. 25-CV-1019 |
| v. | ) Honorable Colin S. Bruce |
| Leonta Jackson, *et al*., | ) **JURY DEMAND** |
| Defendants. | ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, Katina Joiner and Mindi Nurse, by and through their attorney, Kwame Raoul, Illinois Attorney General, and pursuant to the Court's Merit Review Order, (Dkt. 6), provides the following answer and affirmative defenses to Plaintiff's Complaint, (Dkt. 1), stating as follows:

## ALLEGATIONS ENUMERATED IN THE COURT'S
## FEBRUARY 7, 2025, MERIT REVIEW ORDER

1. Pursuant to its merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court found that Plaintiff states an Eighth Amendment conditions of confinement claim against Defendants Joiner and Nurse.

**ANSWER:** Defendants admit that Plaintiff's Complaint states a claim under 42 U. S. C. § 1983 but deny that any violation of Plaintiff's Eighth Amendment rights or any other constitutional rights occurred.

## REQUESTED RELIEF

1. Defendants deny that Plaintiff is entitled to compensatory damages.

2. Defendants deny that Plaintiff is entitled to punitive damages.

3. Defendants deny that Plaintiff is entitled to any other relief.

**JURY DEMAND**

Defendants demand a trial by jury on all triable issues herein.

**AFFIRMATIVE DEFENSES**

1. At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

2. Plaintiffs' claims for money damages against Defendants in their official capacity is precluded by the Eleventh Amendment, which bars a damages action in federal court against a State or a State official sued in his or her official capacity.

3. To the extent that Plaintiff is suing Defendants for actions of a subordinate in which Defendants were not directly involved, such claims are barred because the doctrine of respondeat superior is not a basis for liability under 42 U.S.C. § 1983. See *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

4. To the extent Plaintiff has failed to adhere to the Illinois Department of Corrections grievance procedures, his claim should be barred for failure to exhaust his administrative remedies prior to the initiation of this cause of action, which serves as a bar to Plaintiff's claims by the Prison Litigation Reform Act (42 U.S.C. § 1997) and *Perez v. Wisconsin Dept. of Corrections*, 182 F. 3ed 532 (7th Cir. 1999).

**WHEREFORE**, Defendants request that this Honorable Court enter judgment in their favor and against Plaintiff.

Dated: April 8, 2025

KWAME RAOUL
Attorney General of Illinois

Respectfully submitted,

By: s/Ryan Farrisee
RYAN FARRISEE
Assistant Attorney General
General Law Bureau
115 S. LaSalle St.
Chicago, Illinois 60603
312-835-0222
ryan.farrisee@ilag.gov

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 8, 2025, he electronically filed the foregoing document with the Clerk of the Court for the Central District of Illinois by using the CM/ECF system. All participants in the case who are registered CM/ECF users who will be served by the CM/ECF system.

The undersigned further certifies that (s)he mailed a copy to the pro-se Plaintiff at the following address via First Class Mail USPS:

Richard Holman
#N-06132
Dixon Correctional Center
Inmate Mail/Parcels
2600 N. Brinton Avenue
Dixon, IL 61021

*/s/ Ryan A Farrisee*
ARDC # 6349156